# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5018 | **DATE** | 11/7/2011 |
| **CASE TITLE** | colspan="3" | Hilderbrand vs. United Rentals (N. Amer.), Inc., et al. |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants plaintiff's motion to remand. [docket nos. 20 & 31]. All other motions are terminated without prejudice to asserting them in state court following remand [docket nos. 17-1, 17-2, 28, 37 & 55]. The Clerk is directed to remand the case to the Circuit Court of Cook County.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Michael Hilderbrand was injured when he fell from an aerial lift manufactured by JLG Industries, Inc. that the lift's owner, United Rentals (North America), Inc., rented to Hilderbrand's employer Imperial Construction. Hilderbrand filed suit in state court. In his original complaint, filed in July 2010 and served on the defendants in August 2010, Hilderbrand alleged that the gate on the lift's platform was defective and unreasonably dangerous. He sued United and JLG for negligence and strict product liability. Hilderbrand also sued Sam Viverito, the office manager of the United branch from which Imperial rented the lift. He alleged that Viverito had authorized the rental of the lift to Imperial despite its dangerous condition.

In July 2011, Hilderbrand filed an amended complaint. He added allegations that United, under Viverito's supervision, had performed repair work on the platform gate that caused or increased the unreasonable dangerousness of the lift. He also added allegations that United and Hilderbrand were liable for negligent spoliation of evidence for failing to retain records regarding the repair work.

JLG removed the case to this Court on July 25, 2011. United and Viverito expressly joined in the removal, and their counsel executed the removal notice. The defendants removed the case despite the fact that Hilderbrand and Viverito are both Illinois citizens, meaning that complete diversity of citizenship is lacking. They contended in their removal notice that Viverito was "fraudulently joined" to defeat federal diversity jurisdiction and that his citizenship should be disregarded for jurisdictional purposes.

Hilderbrand has moved to remand the case to state court. He contends that he properly named Viverito as a defendant. He also contends that even if the defendants are right on the fraudulent joinder issue, they waited too long to remove the case to federal court.

A defendant is considered to have been fraudulently joined, for purposes of the inquiry into subject matter

**STATEMENT**

jurisdiction, if the plaintiff has no chance of success against the defendant. *Poulos v. Naas Foods, Inc.*, 959 F.3d 69, 73 (7th Cir. 1992). The burden on the parties claiming fraudulent joinder is a heavy one:

> The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?

*Id.* (citation omitted).

The Court discerns two distinct arguments by defendants to support their contention that Viverito was fraudulently joined. In their notice of removal and again in opposing remand, defendants contend that Viverito's deposition, taken in early July 2011, established that he had no involvement with the matters underlying Hilderbrand's claims and that Hilderbrand had named him based simply on the fact that he was the branch manager of the United branch that rented the lift to Imperial. The Court disagrees. Hilderbrand has evidence that Viverito was directly involved in the rental – namely, Viverito's handwritten initials on the rental agreement. Hilderbrand also has evidence that, under United's policies and procedures, only a branch manager like Viverito can initiate repair work on rental equipment. Finally, Hilderbrand has offered evidence that under United's policies and procedures, Viverito, as branch manager, was responsible for retaining records such as work orders (as the Court noted earlier, the work order for the repairs on the lift's gate appears to be missing). Based on this evidence, the Court cannot conclude that there is no reasonable possibility a court or jury could find evidence sufficient to sustain a claim against Viverito.

Defendants make a separate and logically distinct argument in opposing Hilderbrand's motion to remand the case. Specifically, they argue that there is no legal basis for Viverito to be held liable because he owes no duty to Hilderbrand under Illinois law that could form the basis for a negligence claim against him. To the extent this argument underlies defendants' contention that Viverito was fraudulently joined, their removal of the case came too late. A defendant must remove a case within thirty days after the defendants' receipt via service of summons or otherwise of the initial pleading that gives rise to the basis for removal. *See* 28 U.S.C. § 1446(b). The contention that Viverito, as a mere employee of United, owes no legal duty to someone like Hilderbrand who uses rental equipment from United is a legal argument the viability of which easily could be ascertained from Hilderbrand's original complaint. Thus if this was a proper basis for removal, the defendants would have had to remove the case in or about September 2010, within thirty days after it was served on all of them.

That aside, defendants have failed to show that there is no reasonable possibility that a court or jury could find that Viverito owes a duty sufficient to form a basis for one or both of Hilderbrand's claims against him. Defendants cite Illinois authority supporting the proposition that an agent is not liable for the conduct of his principal but rather only for his own torts and that an agent has no liability for tortious acts of his principal in which he did not participate. *See* Defs.' Resp. to Pl.'s Mot. to Remand at 8 (citing *Fure v. Sherman Hosp.*, 55 Ill. App. 3d 572, 574, 371 N.E.2d 143, 144 (1977), and *Goldstein v. Scott*, 108 Ill. App. 3d 867, 873, 439 N.E.2d 1039, 1044 (1982)). In this case, however, Hilderbrand seeks to hold Viverito liable only for his own alleged conduct, not that of United. Defendants cite no authority supporting the proposition that a managerial employee like Viverito alleged to have responsibility for authorizing repairs to equipment and for renting the equipment to third parties cannot possibly be considered to have owed a duty of care to those third parties under Illinois law.

**STATEMENT**

For these reasons, the Court rejects defendants' contention that Viverito is fraudulently joined. Because Viverito's presence as a defendant defeats diversity jurisdiction, the Court grants plaintiff's motion to remand.

Hilderbrand also seeks an award of attorney's fees and costs incurred as a result of the removal of the case. *See* 28 U.S.C. § 1447. Section 1447 does not create a strong presumption either for or against awarding fees. When deciding whether fee-shifting is appropriate, courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). However, "absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. The Court concludes that defendants' claimed basis for removal, though weak and ultimately lacking in merit, was objectively reasonable. The Court therefore denies Hilderbrand's requests for fees and costs.